IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERRY A. BULLOCK,

    Plaintiff,

v.                                                       Civil Action No. 3:11cv36

KRAFT FOODS, INC.,

    Defendant.

## MEMORANDUM OPINION

The Honorable Henry E. Hudson referred Defendant Kraft Foods, Inc.'s ("Kraft") Motion to Have Certain of Defendant's Requests for Admission Served Upon Plaintiff Deemed to Be Admitted ("Kraft's motion") to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket Nos. 33, 34.) Plaintiff Sherry A. Bullock has filed a response to Kraft's motion. (Docket No. 35.) Neither party sought a hearing, and the Court has determined that oral argument would not aid the decisional process. For the reasons that follow, the Court GRANTS Kraft's motion.

### I. Factual and Procedural History

On May 17, 2011, Bullock filed an Amended Complaint alleging that Kraft, her former employer, systematically denied her requests for leave under the Family Medical Leave Act ("FMLA") and wrongfully terminated her employment in violation of the FMLA and in violation of Title VII of the Civil Rights Act of 1964. (Docket No. 23.) Bullock alleges that she suffers

---

[1] In its motion, Kraft indicates it has been incorrectly identified as "Kraft Foods, Inc." (Def.'s Mot. 1.)

from various medical problems and that Kraft wrongfully refused to credit her absences from work as FMLA leave.

Judge Hudson scheduled this matter for trial by jury on November 1, 2011, with the close of discovery on September 7, 2011. (Docket Nos. 4, 19.)

On July 15, 2011, Kraft served its First Requests for Admission to Plaintiff. (Def.'s Mot. Ex. A.) Bullock failed to serve Kraft with timely objections to the requests for admission. On August 22, 2011, four days after responses were due, Bullock served her responses to Kraft's requests for admission. (Def.'s Mot. Ex. B.)

On August 23, 2011, Kraft challenged the sufficiency of certain responses and requested that these responses be amended by Bullock. On August 25, 2011, the parties conferred in person in an attempt to resolve this discovery dispute.

On August 30, 2011, Kraft filed this motion, challenging the sufficiency of Bullock's responses to Requests for Admission Nos. 26 though 29 and 31 through 59. Kraft seeks a court order deeming these requests admitted or, alternatively, a court order requiring Bullock to promptly serve amended answers to these requests. In response, Bullock contends her answers to the challenged requests for admission satisfy the requirements of the Federal Rules of Civil Procedure.

By Order dated October 17, 2011, Judge Hudson rescheduled this matter for trial by jury beginning on February 13, 2012, with the close of discovery on December 20, 2011. (Docket Nos. 4, 99.)

## II. Analysis

### A. Applicable Law

Under Federal Rule of Civil Procedure 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of" discovery. Fed. R. Civ. P. 36(a)(1). After service, a party to whom the request is directed must serve objections within fifteen days and answers "addressed to the matter" within thirty days. Fed. R. Civ. P. 36(a)(3). Otherwise, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Rule 36 further provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. *A denial must fairly respond to the substance of the matter*; and *when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.*

Fed. R. Civ. P. 36(a)(4) (emphasis added).

The primary purposes behind Rule 36 are "'first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" *House v. Giant of Md., LLC*, 232 F.R.D. 257, 259 (E.D. Va. 2005) (*quoting* Fed. R. Civ. P. 36 Advisory Committee's Notes, 1970 Amendment); *see also Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D. W. Va. 2010).

Rule 36 allows the requesting party to challenge the sufficiency of an answer to a request for admission by motion. Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

### B. Requests Deemed Admitted

In Requests for Admission Nos. 29, 31, 33, 42, 51, 52, 54, and 58, Kraft requests Bullock to admit that she received a copy of the documents attached as various exhibits. In her responses to these requests, Bullock admits that she received a copy of the documents at issue, but then makes various denials not responsive to the requests and includes tangential information not necessary to the admission or denial of the requests. Her partial denials violate Rule 36 because they do not "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). Because Bullock admitted that she received a copy of the documents at issue and because her partial denials violate Rule 36, the Court will deem these requests admitted.

In Requests for Admission Nos. 43, 48, and 56, Kraft requests Bullock to admit that documents attached as various exhibits are true and accurate copies of faxes sent by Bullock to Kraft on certain dates. Bullock admits that the documents at issue are copies of the faxes she sent to Kraft on specific dates, but again makes various denials not responsive to the requests and includes extraneous information not necessary to the admission or denial of the requests. For the same reasons stated above, these responses violate Rule 36, and the Court will deem these requests admitted.

In Requests for Admission Nos. 35, 45, 47, and 53, Kraft requests Bullock to admit that she was absent from work on specific dates. Bullock admits that she was absent on the dates listed in these requests, but adds denials about other issues and includes information nonresponsive to the substance of the request. For the reasons stated above, the Court will deem these requests admitted.

4

Similarly, in her responses to Requests for Admission Nos. 32, 37, and 49, Bullock admits the substance of the request, but then includes nonresponsive information and denials. The Court will deem these requests admitted.

If Bullock chooses to offer a succinct qualification regarding timing of payment, disability, or reason for absence, she may seek leave to file a clear amended answer, citing rules or cases that would permit such a filing. She may address only the issue raised in the request for admission. Such a motion, which shall include proposed amended responses, shall be filed no later than eleven (11) days from the date of entry hereof, or shall be waived. Bullock's current "partial denials" do not serve to clarify the record, and do not follow the dictates of Rule 36.

### C. Requests Requiring Amended Answers

In Requests for Admission Nos. 36, 38, 39, 40, 41, and 46, Kraft requests Bullock to admit that she was absent from work on specific dates, was paid for her absences on listed dates, or requested FMLA leave for her absences on specific dates. In her responses, Bullock admits that she was absent from work, was paid for her absences, or requested FMLA leave for her absences on some listed dates but denies the same for other listed dates. Bullock, however, fails to specify the dates for which she admits or denies the matter. Her responses violate Rule 36, which requires that an answer "specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Bullock's responses also violate Rule 36 because they include nonresponsive citations to regulations and statutes, nonresponsive and extraneous information about other employees, and other denials that do not "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). The Court will thus order Bullock to serve amended answers to these requests in compliance with Rule 36.

Similarly, in response to Requests for Admission Nos. 26, 27, 28, 50, and 59, Bullock's answers do not sufficiently specify the part of the request admitted and the part of the request denied and/or include extraneous information or denials that do not fairly respond to the request.

In addition to requiring amended answers to Requests for Admission Nos. 36, 38, 39, 40, 41, and 46, the Court will require Bullock to serve amended answers to Requests for Admission Nos. 26, 27, 28, 50, and 59. Bullock is admonished that the Federal Rules do not contemplate that responses to requests for admission contain the sort of lengthy narrative on record here. Any response should remain true to the request as written, and any denial and qualification, if necessary, should be succinct, clear, and within the Federal Rules.

Finally, in Requests for Admission Nos. 34, 44, 55, and 57, Kraft requests Bullock to admit that she received or faxed copies of the documents attached as various exhibits. In her answers, Bullock admits receiving or faxing the documents at issue, but then appears to qualify her admission by indicating that the exhibits at issue are not a complete copy of the documents received or faxed. Her qualifications are unclear and are often followed by nonresponsive denials or other extraneous information. The Court will require Bullock to serve amended answers to these requests. Bullock should admit or deny these requests, and any necessary qualifications must be clear, succinct, and responsive to the request at issue.

Pursuant to Local Civil Rule 37(E), the Court will order that these amended answers be served on Kraft no later than eleven (11) days from the date of entry hereof. The Court advises Bullock to serve amended answers that comply with Rule 36(a)(4) and correct the deficiencies identified by this Memorandum Opinion. The Court cautions Bullock that a failure to timely serve amended answers in compliance with Rule 36(a)(4) will result in these requests being deemed admitted and may also lead to the imposition of sanctions.

### III. Conclusion

For the foregoing reasons, the Court will GRANT Kraft's motion. An appropriate Order will issue. Accordingly, the Court will ORDER the following:

1. Kraft's First Requests for Admission Nos. 29, 31-33, 35, 37, 42, 43, 45, 47-49, 51-54, 56, and 58 are DEEMED ADMITTED. Bullock may seek leave to amend her answers to these requests no later than eleven (11) days from the date of entry hereof. Any such motion shall include the proposed amended answers.

2. Bullock shall serve amended answers to Kraft's First Requests for Admission Nos. 26-28, 34, 36, 38-41, 44, 46, 50, 55, 57, and 59 no later than eleven (11) days from the date of entry hereof. The amended answers shall comply with Federal Rule of Civil Procedure 36(a)(4) and shall correct the deficiencies identified by this Memorandum Opinion.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 10-26-11
Richmond, Virginia